UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FADIA MATOUK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-12294-LTS |
| ) | |
| MARRIOTT HOTEL SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

November 21, 2013

SOROKIN, C.M.J.

The Plaintiff, Fadia Matouk, has brought suit against the Defendant, Marriott Hotel Services, Inc., alleging that she was injured due to Marriott's negligence when she slipped and fell in a hotel room bathtub. Docket # 14. Marriott moves pursuant to Fed. R. Civ. P. 56 for summary judgment, asserting that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Docket # 61. For the following reasons, Marriott's motion is DENIED.

I.    PROCEDURAL AND FACTUAL BACKGROUND

On October 3, 2008, Matouk was a guest at the Boston Marriott Cambridge Hotel, located in Cambridge, Massachusetts. Docket # 65 at ¶ 1. The hotel was then operated by the Defendant, Marriott Hotel Services, Inc. Id. at ¶ 2. Matouk was standing in the bathtub under the shower head when she slipped and fell while attempting to reach for a towel hanging on a

towel bar within the shower and directly across from where she was standing. Id. at ¶ 3. The bathtub did not have a bath mat. Id. at ¶ 4. A metal grab bar is attached to the wall of the tub/shower enclosure at a location one-and-five-eighths inches outboard of the shower curtain, in a position not accessible during use of the shower. Id. at ¶ 6 (citing Docket # 65-4) (report of Matouk's expert).

II.   DISCUSSION

   Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). Moreover, the Court is "obliged to view the record in the light most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993). Even so, the Court is to ignore "conclusory allegations, improbable inferences, and unsupported speculation." Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir. 2009).

   Negligence and Duty

The only claim brought by Matouk in her Amended Complaint alleges that Marriott was negligent. Docket # 9 at ¶¶ 20-30. The elements of a negligence claim are long established and familiar. In order to succeed on her negligence claim, Matouk must show that Marriott "owed

[her] a duty of reasonable care, that [Marriott] committed a breach of that duty, that damage resulted, and that there was a causal relation between the breach of duty and the damage." Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 39 (2009).

In its motion, Marriott does not challenge the sufficiency of Matouk's evidentiary showing with respect to either the fact that she was injured on its property, or the causal relationship between the damages alleged and the alleged negligence. Rather, Marriott's motion centers upon the nature of the duty owed to Matouk. See Docket # 62.

Matouk alleges that Marriott's negligent conduct consisted of its "a) designing, construction and maintenance of a bath tub floor which fell below reasonable standards of slip resistance; b) failure to provide a bath mat or similar item to prevent slipping; c) failure to install reasonable fall protection in the form of a rigid shower door enclosure with cross rail or grab bar; and d) placement of a towel and holder in an unreasonable area." Docket # 9 at ¶ 25.

Marriott's motion rests upon the single assertion that Matouk's claim is not cognizable because "it is an open and obvious condition that the surface of a bathtub is slippery and therefore Marriott does not owe a duty to care to the plaintiff with regards to that condition." Docket # 62 at 4.

In its argument, Marriott conflates two separate issues – its duty to warn on the one hand, and its duty of reasonable care on the other. For example, it argues that "the landowner's duty to protect against dangerous conditions on the premises does not extend to dangers that would be obvious to persons of average intelligence." Docket # 62 at 5 (citing O'Sullivan v. Shaw, 431 Mass. 201, 204 (2000)).

The O'Sullivan court states, however, that the duty of care owed by landowners to

3

persons lawfully on their premises (which Matouk indisputably was) includes both "an obligation to "maintain [its] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" as well as a duty "to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware." Id. at 204.  The remainder of the discussion in O'Sullivan concerns the Court's conclusion in that case that there was no duty to warn of the dangers of diving into the shallow end of a swimming pool.[1]

Any ambiguity in the O'Sullivan decision has been negated by a more recent line of cases in which the Supreme Judicial Court makes clear that "[s]hould the jury ultimately conclude that the danger was, in fact, open and obvious, the question . . . remain[s] whether the plaintiff nevertheless may recover on a duty to remedy theory."  Dos Santos, 465 Mass. at 155 (quoting Quinn v. Morganelli, 73 Mass. App. Ct. 50, 54 (2008)); see also id. ("[O]ur decision in Papadopoulos [v. Target Corp., 457 Mass. 368, 379 (2010),] explicitly reaffirmed our view that the existence of an open and obvious danger will not necessarily relieve a landowner of the duty to remedy that danger").[2]

---

[1] Significantly, the Supreme Judicial Court later characterized O'Sullivan as an example of that subset of cases in which the "only viable negligence theory is a negligent failure to warn" and in which the open and obvious nature of the danger therefore relieves the landowner of any duty with respect to that danger.  Dos Santos v. Coleta, 465 Mass. 148, 158 (2013) (emphasis added); see also id. at 160 ("A close reading of O'Sullivan suggests that while the court may have used the terms 'duty to warn' and 'duty of care' interchangeably, it is relatively clear that the only question presented to the court in that case was whether the defendants could be held liable for failing to warn the plaintiff not to dive into the shallow end of an in-ground swimming pool.") (internal citations omitted).

[2] Accordingly, the reasoning relied upon in LaBart v. Hotel Vendome, 213 F. Supp. 958 (D. Mass. 1963), also cited by Marriott, no longer governs.

Thus, while Marriott is correct that the open and obvious nature of a slippery bathtub negates any duty to warn Matouk of same, the question nevertheless remains whether or not Marriott had a duty to remedy the danger of the slippery bath. This is not a case where the failure to warn was the only viable theory of negligence. See note 1, supra. In fact, Matouk has not advanced a failure to warn theory at all. Docket # 9.

Given that the open and obvious nature of the danger presented by the slippery bathtub would not as a matter of law relieve Marriott of its duty, it remains to consider only whether Matouk has raised a triable issue with respect to Marriott's alleged failure to remedy the danger. The salient question is whether or not Marriott could anticipate, or should have anticipated, that the danger presented by the slippery tub would cause harm to Matouk, notwithstanding its known or obvious danger. Dos Santos, 465 Mass. at 155 (citing Papadopoulos, 457 Mass. at 379, Soederberg v. Concord Greene Condominium Ass'n, 76 Mass. App. Ct. 333, 338 (2010), and Restatement (Second) of Torts § 343A).

> Such reason to expect harm to the [lawful entrant] from known or obvious dangers may arise, for example, where the [landowner] has reason to expect that the [lawful entrant's] attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the [landowner] has reason to expect that the [lawful entrant] will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

Id. (quoting Restatement (Second) of Torts § 343A, comment f) (emphasis omitted).

Reported Massachusetts cases "applying § 343A have generally rested their conclusion that a landowner can and should anticipate a particular harm on a finding that 'a reasonable man in [the plaintiff's] position [would conclude] the advantages of [encountering the danger] would outweigh the apparent risk.'" Id. at 155-56 (quoting Papadopoulos, 457 Mass. at 379-80).

A jury reasonably could find that a reasonable hotel guest would conclude that the advantages of showering would outweigh the apparent risk presented by a slippery bathtub, and that Marriott therefore had a duty to remedy the danger. Moreover, Matouk has adduced evidence (apparently uncontroverted) that the only grab bar available in the shower was outside of the shower curtain whenever the shower curtain was in use, and was thus out of reach of a showering guest.[3] See Docket # 65 (Plaintiff's L.R. 56.1 Statement of Material Facts Not In Dispute) at ¶ 11 (citing Docket # 65-4 at 6).[4] Thus, there are triable issues as to whether a duty to remedy existed, and whether Marriott acted reasonably in discharging such a duty, if found.

III. CONCLUSION

For the foregoing reasons, the Defendant Marriott Hotel Services, Inc.'s Motion for Summary Judgment (Docket # 61) is DENIED. It is ORDERED that an Initial Pretrial Conference is set for December 9, 2013 at 4:00 p.m.

SO ORDERED.

/s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge

---

[3] Marriott assails other aspects of Matouk's negligence claim (for example, whether industry standards for slip resistance applicable to walking surfaces are relevant in this case). Because Matouk adduces uncontroverted evidence which, if credited by a jury, could support liability, the Court need not separately analyze these arguments.

[4] Citations are to the pagination assigned by the Court's CM/ECF Docketing System, rather than to any pagination internal to the exhibits themselves.